IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. 3:12-CR-076-L |
| | § | |
| MARIA ROJAS- MOLINA | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Maria Rojas-Molina's ("Defendant" or "Rojas-Molina") Motion for Modification or Reduction of Sentence Based Upon and Intervening Post-Sentence Change in the United States Sentencing Guidelines Pertaining to Corollary Criminal History Category (Amendment 12) Which Effectively Lower's Petitioner's Term of Imprisonment ("Motion"), filed May 22, 2013. The United States of America ("the government") is opposed to the Motion. After carefully reviewing the motion, the response, the record, and applicable law, the court **denies** Defendant's Motion.

On April 24, 2012, Defendant pleaded guilty to a one-count Information charging her with Illegal Reentry After Removal from the United States, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). This court accepted Defendant's plea of guilty and adjudged her guilty on May 9, 2012. On October 4, 2012, this court sentenced Defendant to a term of imprisonment of 59 months and two years of supervised release. Defendant now "seeks a reduction of her term of imprisonment as a result of an intervening, post-sentencing change of the United States Sentencing Guidelines," "pursuant to this Honorable court's jurisdictional authority as set forth and as contained in 18 United States Code § 3582(c)(2)." Def.'s Mot. 1-2. In the Motion, Rojas-Molina argues that her sentence

**Memorandum Opinion and Order - Page 1**

should be reduced based on a May 2007 proposed change to the United States Sentencing Guidelines, specifically, "Amendment 12," which addressed the counting of multiple prior sentences, and the use of misdemeanor and petty offenses in determining a defendant's criminal history score. *Id.* at 2.

In response, the government argues that the Motion should be denied because it is not properly filed and it lacks merit. The government first argues that because Defendant was sentenced in 2012, "the proper format to challenge her sentence is either through an appeal to the Fifth Circuit or through a [28 U.S.C. §] 2255 motion, not through a 18 U.S.C. § 3582 motion such as the one filed." Government's Resp. 1. Second, the government contends that Defendant cites no legal basis for reduction of her sentence; rather, the government argues, her motion appears to be a "form motion" that would be used in a different factual circumstance than that presented by this case. *Id.*

The court finds that Defendant's Motion is without merit, as this case does not present circumstances under which modification of an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) would be allowed. A court may not modify a previously imposed sentence except under three limited circumstances under 18 U.S.C. § 3582(c). Under the exception upon which Defendant relies, section 3582(c)(2), a court may modify an imposed sentence of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, after consideration of the factors set forth in section 3553(a) if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Contrary to what Defendant asserts, her sentence of imprisonment is not based on a sentencing range that has been *subsequently* lowered by the Sentencing Commission. The amendment to which Rojas-Molina likely refers Amendment 709 took effect on November 1,

**Memorandum Opinion and Order - Page 2**

2007.  *See* United States Sentencing Commission, *Guidelines Manual*, App. C (2011).  Defendant was sentenced based on the 2011 Guidelines Manual, which incorporated guideline amendments effective November 1, 2011, and earlier.  Thus, Amendment 709 and its provisions were already promulgated, in effect, and, therefore, taken into account at the time her criminal history score was calculated at sentencing.  Therefore, Defendant fails to show that she is entitled to a modification and reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(2).

**III.    Conclusion**

For the reasons herein stated, Defendant has failed to show that the sentencing range upon which her sentence was based has been subsequently lowered by the Sentencing Commission.  As such, the court is without authority under 18 U.S.C. § 3582(c)(2) to modify and reduce her sentence as requested.  Accordingly, the court **denies** her Motion.

**It is so ordered** this 31st day of July, 2013.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge